[No. 176-3. Division Three. February 11, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. BRUCE JOHN SEILER, *Appellant*.

*Robert E. Anderson,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Jerry Neal, Deputy,* for respondent.

MUNSON, C.J.—Defendant, Bruce · John Seiler, appeals from a conviction on a charge of grand larceny by check.

On July 18, 1969, defendant opened a checking account with the Northtown Branch of the Old National Bank of Washington, in Spokane, with a $30 deposit. Between July 18, 1969 and August 12, 1969 he wrote checks totaling $3,706.21 upon this account. The state offered testimony that there had been no deposits to this account other than the original $30. Defendant testified, however, that: After opening the account he left the bank and later that evening engaged in all-night poker game in Kellogg, Idaho; he returned to Spokane on the evening of July 19, 1969 and deposited $3,500 in cash in the night depository of the bank. Defendant did not have a key for the night depository but testified there were other depositors present at the time he made the deposit and while the depository was open he tossed in a manila envelope containing the alleged deposit. Defendant does not deny writing the checks, but does claim it was not until some time later that it came to his attention there were insufficient funds in the bank to cover his checks.

On appeal defendant sets forth two assignments of error: (1) the trial court's failure to dismiss the charge at the close of the state's case; and (2) the trial court's denial of defendant's motion for judgment n.o.v. or in the alternative for new trial based on the state's failure to introduce bank records.

▇ Defendant's first contention is without merit. He did not elect to stand upon his motion but proceeded to produce evidence in his own behalf and hence waived his motion at the end of the state's case. *State v. Smith,* 74 Wn.2d 744, 768, 446 P.2d 571 (1968); *State v. Hendrickson,* 1 Wn. App. 61, 459 P.2d 55 (1969).

270

As for the second assignment, defendant claims the state failed to produce bank records to negate the possibility that defendant had deposited $3,500 on July 19, 1969. We disagree. The state produced a witness, Mr. Victor C. Stolle, operations officer for the bank, who detailed with sufficient clarity the procedures relative to opening an account, removing deposits from the night depository and the manner in which they are processed in the bank—an operation in which he participates. He further testified there had been no cash deposits made through the night depository during the period in question in excess of $3,000. Defendant relies upon *State v. Hiser*, 51 Wn.2d 282, 317 P.2d 1072 (1957) in arguing the state failed to present a prima facie case. We believe *Hiser* is clearly distinguishable from the instant case inasmuch as an officer of the bank did testify herein and with sufficient clarity to overcome the hiatus in the proof offered in *Hiser*. Therefore, the trial court did not err in denying defendant's alternative motion.

Judgment affirmed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied March 5, 1971.

Review denied by Supreme Court May 6, 1971.